## WHEN AN ALLEGATION AS TO THE HAPPENING OF A CONTINGENCY HAS BEEN TRAVERSED.

### Circuit Court of Cuyahoga County.

BERNARD SCHATZINGER v. THE LAKEVIEW LAND & IMPROVEMENT COMPANY.

Decided, December 16, 1911.

*Pleading—General Denial.*

Where a petition discloses upon its face that a contract sued upon provides for the payment of the sum demanded only upon the happening of a contingency named, an answer by way of a general denial is sufficient to traverse the petition's allegation that such contingency has been satisfied.

*P. G. Kassulker,* for plaintiff in error.
*Frank Higley,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties stand here as they stood below. There Schatzinger commenced his action upon a contract by which he undertook to build certain houses and repair others for the defendant company for 10 per cent. of the cost, to be paid him when all said houses should be sold and paid for.

On the trial it developed that at the time the action was commenced, some of the houses had not yet been paid for, nor was it then certain that the outstanding leases thereof with option of purchase by the lessees, would culminate in outright sales. At the time of trial, however, all the houses were sold and paid for.

Upon a motion to direct a verdict, after all the evidence was in, the court took the view that the action had been prematurely brought, and that the defendant's motion was sufficient to raise this point, notwithstanding that the defendant, by its answer, had not specially pleaded the facts above recited, and had sought to introduce them under a general denial. The motion was therefore granted.

In assigning error upon this ruling of the court, the plaintiff in error claims that the premature commencement of the suit

was a matter of abatement merely which could not be raised by general denial, but must be specially pleaded under the code as at common law. We have examined the authorities cited from code states, some of which show that matter in abatement, especially if not clearly disclosed on the face of the petition, can not be taken advantage of by demurrer to the petition, but only by answer. Other authorities cited show that matters of abatement, not disclosed on the face of the petition, must be brought upon the record as new matter by answer, before they can be made available as a defense. In other cases, where the lapse of a certain period of time is a condition precedent to the maintenance of an action, though not an essential part of the cause of action, the non-fulfillment of such a requirement must be specially pleaded, or else it is to be deemed to have been waived by the defendant.

We find no case under the code which is squarely in point; but on principle we hold that where, as in this case, the petition discloses upon its face that the contract sued on provides for the payment of the sum demanded only upon the happening of a contingency named, an answer by way of a general denial is sufficient to traverse the petition's allegation that such contingency has been satisfied. In other words, the petition here, having alleged that the plaintiff was not to be paid until all the houses were sold and paid for, it follows that a general denial of the allegations of the petition amounts to a traverse of this averment, and puts the plaintiff upon proof. We think, however, that the court, in directing a verdict upon this ground, should have qualified the judgment as he instructed the jury to qualify the verdict, by stating therein that it proceeded solely upon the ground of the action being prematurely brought. *Burt* v. *Wilcox Silver Plate Co.*, 41 O. S., 204.

This error may, however, be cured in this court by modification of the judgment, which we make accordingly. As thus modified, the judgment is affirmed.